DECISION AND JUDGMENT ENTRY
{¶ 1} Terri Arp-Hall appeals the denial of her motion to vacate by the Lucas County Court of Common Pleas, Domestic Relations Division, on grounds that the court did not have subject matter jurisdiction to hear Lind's show cause motion or modify the property division that arose out of the final divorce decree. She also argues that the court violated her due process rights when it resolved the show cause motions on principles of bailment law. Because we conclude that the Domestic Relations Division of the Common Pleas Court has subject matter jurisdiction over domestic relations matters, and Arp-Hall's claims should have been raised on direct appeal, we affirm.
 {¶ 2} Terri Arp-Hall and James Lind were divorced on May 4, 1999. Their final decree stated that Lind was to receive the marital home and was to retain property that was his or that was not specified to go to Arp-Hall. When Lind arrived to take possession, he found the house and much of his personal property damaged. He also found shrubs and trees missing, his truck column peeled, and tools gone from locked tool boxes and the garage cabinet.
 {¶ 3} A month after the final decree, Arp-Hall filed a show cause motion with the domestic relations court arguing that Lind should be held in contempt because he failed to pay her the $7,500 lump-sum payment as directed by the final decree. Lind responded to Arp-Hall's motion with his own show cause motion alleging that Arp-Hall had damaged or converted a significant amount of his property. A hearing was held on May 23, 2000, where both parties presented evidence on their show cause motions.
 {¶ 4} On July 9, 2001, the magistrate found neither party in contempt; instead, he found that a bailment existed between Arp-Hall and Lind. The decision stated that "[Arp-Hall] acted willfully and with reckless disregard for [Lind's] rights by wrongfully damaging or removing from the former marital residence and converting to her own personal use property awarded to [Lind] in the parties' divorce." The magistrate recommended that Arp-Hall pay Lind a lump sum judgment of $43,939.06 and an additional lump sum judgment of $3,525.00 for Lind's attorney's fees. This recommendation was adopted and ordered by the reviewing domestic relations judge on August 6, 2001. No objections or appeals were filed.
 {¶ 5} Nearly a year later, Arp-Hall filed a motion to vacate the August 6, 2001 judgment of the domestic relations court. This motion was denied on September 26, 2002, and Arp-Hall now appeals that judgment.
Assignments of Error
 {¶ 6} 1. "The trial court lacked subject matter jurisdiction over the appellee's motion of August 31, 1999, because the appellee failed to serve the appellant in compliance with Civ.R 75(I) now (J).
 {¶ 7} 2. "The trial court lacked subject matter jurisdiction to enter its order last amended on August 6, 2001. This order is intended to be a complete replacement of the property division entered on May 4, 1999. One large modification is the cash disbursement of $7,500.00 modified to a disbursement of $46,464.00 to the appellee. This order is a clear violation of R.C. 3105.171; the original property division of May 4, 1999 is not modifiable by the court but denies the parties [sic] to modify the May 4, 1999 order by mutual agreement. See Bean v. Bean
(1983), 14 Ohio App.3d 358, 471 N.E.2d 785; R.C. 3105.171.
 {¶ 8} 3. "The magistrate's ex parte order and the trial judge's habit of clarifying the theory of recovery without notifying the appellant of these changes was a complete abridgment of the appellant's due process rights."
 {¶ 9} Although Arp-Hall raises issues with respect to the court's August 6, 2001 order, she may appeal only the September 26, 2002 denial of her Civ.R. 60(B) motion. See, App.R. 4(A). A successful motion for relief from judgment requires three things. First, a meritorious defense must exist. Second, there must be entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Third, there must be a timely filed motion. See, GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where the matter is timely raised along with a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment; otherwise, failure to deny the motion constitutes an abuse of discretion. Id., at 148-151.
 {¶ 10} Arp-Hall bases her request for vacating the August 6, 2001 order on grounds that the domestic relations court did not have subject matter jurisdiction. "Subject matter jurisdiction refers to the authority that a court has to hear the particular claim brought to it and to grant the relief requested." In the Matter of the Bureau of Support v. Brown,
7th Dist No. 00AP0742, 2001-Ohio-3450. Subject matter jurisdiction exists when continuing jurisdiction is requested by one of the parties. State exre. Soukup v. Celebrezze (1998), 83 Ohio St.3d 549, 551. "Under Civ.R. 75(I), the continuing jurisdiction of a court that issues a domestic relations decree `may be invoked by the filing of any motion by a party.' (citations omitted) A post decree show-cause motion filed by a party invokes both the inherent power of the domestic relations court to enforce its own orders and the court's continuing jurisdiction under Civ.R. 75(I). (citations omitted)" Id.
 {¶ 11} Thus by filing her show-cause motion on June 17, 1999, Arp-Hall invoked the jurisdiction of the domestic relations court. Lind's responsive show cause motion arose out of certain of the issues already presented by Arp-Hall, and subject matter jurisdiction had already been established. See, Kennedy v. Talley (Mar. 30, 1999), 10th Dist No. 98AP-893. A party may not invoke the court's jurisdiction and later disavow the same when an unfavorable result is obtained. See, Ogletreev. Ogletree, 2nd Dist No. 18674, 2002-Ohio-108. Since the domestic relations court had subject matter jurisdiction, Arp-Hall could not establish a right to relief under Civ.R. 60(B). Therefore, the trial court did not abuse its discretion in denying her motion.
 {¶ 12} As subject matter jurisdiction exists and Arp-Hall is found not to have a meritorious defense, all three of her assignments of error will be addressed together. A 60(B) motion does not substitute for a timely appeal. Doe v. Trumball County Children's Services Board (1986),28 Ohio St.3d 128, paragraph two of the syllabus. Arguments that could have been made on direct appeal from the August 6, 2001 judgment entry from the Lucas County Court of Common Pleas, Domestic Relations Division may not be considered now. See, App.R. 4(A). Therefore, since the domestic relations court's decision to deny Arp-Hall's Civ.R. 60(B) motion was proper, all of appellant's assignments of error are found not well-taken.
 {¶ 13} Substantial justice was done to appellant, Terri Arp-Hall, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
Richard W. Knepper, J., Judith Ann Lanzinger, J. and Arlene Singer, J., concur.