[Cite as *Treasurer of Cuyahoga Cty. v. Robshir Properties, L.L.C.*, 2019-Ohio-535.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 107056 and 107289**

**TREASURER OF CUYAHOGA COUNTY, OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBSHIR PROPERTIES, L.L.C., AN
OHIO LIMITED LIABILITY**

DEFENDANTS

[Appeal By Faraday Buildings, L.L.C., Defendant-Appellant]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-865009

**BEFORE:** Celebrezze, J., Boyle, P.J., and Yarbrough, J.*

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEYS FOR APPELLANT**

Andrew M. Tomko
Austin B. Barnes, III
David T. Brady
Suzanne M. Godenswager
Brian Steven Gozelanczyk
Sandhu Law Group, L.L.C.
1213 Prospect Avenue, Suite 300
Cleveland, Ohio 44115

Harold Pollock
Harold Pollock Co., L.P.A.
5900 Harper Road, Suite 107
Solon, Ohio 44139


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Adam D. Jutte
Assistant Prosecuting Attorney
Courthouse Square, Suite 300
310 West Lakeside Avenue
Cleveland, Ohio 44113


**ALSO LISTED:**

**For Cleveland Municipal Court - Criminal Division**

Barbara A. Langhenry
City of Cleveland
Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

**For Cuyahoga County Board of Health**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Brian R. Gutkowski
Assistant Prosecuting Attorney

Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Northeast Ohio Regional Sewer District**

Amanda Lee Holzhauer
Northeast Ohio Regional Sewer District
3900 Euclid Avenue
Cleveland, Ohio 44115

**For Macke Laundry Service**

Macke Laundry Service - Cleveland, Inc.
8511 Freeway Drive
Macedonia, Ohio 44056

**For Melvin Fishman**

Melvin Fishman, pro se
27200 Cedar Road, Apt. 606
Cleveland, Ohio 44122

**For Robshir Properties, L.L.C.**

Robshir Properties, L.L.C.
10605 Chester Avenue, 400
Cleveland, Ohio 44106

**For Unknown Tenants**

Unknown Tenants, pro se
1544 Coventry Road
Cleveland, Ohio 44112
**For PNC Bank**

PNC Bank
222 Delaware Avenue
Wilmington, Delaware 19899

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Faraday Buildings, L.L.C. (hereinafter "appellant"), appeals the trial court's judgment denying its Civ.R. 60 motion to vacate a judgment of forfeiture and to void improperly issued deeds in a foreclosure action. Specifically, appellant argues that the trial court's judgment violated R.C. 5721.40 and that the trial court erred in its application of R.C. 5723.01. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} On June 21, 2016, plaintiff-appellee, the Cuyahoga County Treasurer (hereinafter "treasurer"), filed a real estate tax foreclosure complaint pursuant to R.C. 5721.18. In its complaint, the treasurer sought to (1) collect delinquent taxes, assessments, penalties, and interest; (2) foreclose on an apartment building located at 1544 Coventry Road, East Cleveland, Ohio 44112 (hereinafter "property"), for nonpayment of real estate taxes; and (3) equitable relief. The preliminary judicial report submitted with the treasurer's complaint identified a tax lien certificate held by defendant Lakeview Holding (OH), L.L.C. (hereinafter "Lakeview"), against the property. Lakeview is appellant's predecessor in interest. Lakeview assigned its interest in the tax lien certificate on the property to appellant on October 13, 2017.

{¶3} Lakeview filed an answer responding to the treasurer's complaint, in which it claimed an interest in the property on November 1, 2016. Lakeview did not, however, initiate foreclosure proceedings or request that the treasurer certify its notice of intent to foreclose. Had

Lakeview done so, Lakeview, and appellant, as Lakeview's successor in interest, would have been authorized to foreclose or prosecute a claim related to the property.

{¶4} Lakeview filed a motion for "tax lien priority" on January 12, 2017. On February 21, 2017, the trial court granted Lakeview's motion, recognizing that Lakeview's interest, as a tax certificate holder, was superior to the interests of all other parties for purposes of distributing any proceeds in the event that the property sold at sheriff's sale.

{¶5} The matter was assigned to a magistrate and two tax foreclosure hearings were held. The first hearing was held on February 9, 2017. This hearing was attended by a prosecuting attorney representing the treasurer and counsel for Lakeview. The second hearing was held on June 8, 2017. The only party in attendance at the second hearing was a prosecuting attorney representing the treasurer.

{¶6} On June 9, 2017, a magistrate issued its decision, with findings of fact and conclusions of law, awarding the treasurer a decree of foreclosure. Lakeview failed to file objections to the magistrate's decision pursuant to Civ.R. 53. On July 6, 2017, the trial court issued a judgment entry adopting the magistrate's decision. Lakeview did not file an appeal challenging this judgment.

{¶7} As noted above, Lakeview assigned its interest in the tax lien certificate on the property to appellant on October 13, 2017. Prior to this assignment, Lakeview had not initiated or prosecuted any foreclosure claims regarding the property. Following this assignment, appellant did not initiate foreclosure proceedings in order to protect its interest in the property.

{¶8} The treasurer executed on the trial court's July 6, 2017 judgment and offered the property for sale. The property was set for tax foreclosure sale pursuant to R.C. 5721.19. The property was offered for sale on October 2, 2017, and October 16, 2017. The property did not

sell. As a result, there were no proceeds of sale to distribute — either to appellant or the treasurer. Following the unsuccessful sheriff's sales, the trial court issued an order of forfeiture on December 15, 2017, ordering that the property be forfeited to the treasurer. Appellant did not file an appeal challenging the order or forfeiture.

{¶9} On January 31, 2018, appellant filed a motion "for hearing to determine proper forfeiture." The treasurer opposed appellant's motion on February 7, 2018. The trial court denied appellant's motion on March 14, 2018, upholding the order of forfeiture issued on December 15, 2017.

{¶10} On April 12, 2018, appellant filed (1) a motion to vacate the judgment of forfeiture; (2) a motion for a temporary restraining order and preliminary injunction, and (3) an appeal challenging the trial court's judgment denying its motion for a hearing. 8th Dist. Cuyahoga No. CA-18-107056. This court remanded the matter back to the trial court on April 23, 2018, to allow the court to rule on the pending motions to vacate and for a temporary restraining order and injunctive relief.

{¶11} Following this court's remand, the treasurer filed a brief in opposition to appellant's motion to vacate on May 11, 2018. Appellant filed a brief in support of its motion to vacate on May 14, 2018.

{¶12} On May 23, 2018, the trial court issued its judgment denying appellant's motion to vacate the judgment of forfeiture. Furthermore, the trial court determined that appellant's motion for a temporary restraining order and preliminary injunction was moot.

{¶13} On June 9, 2018, appellant filed an appeal challenging the trial court's May 23, 2018 judgment — 8th Dist. Cuyahoga No. CA-18-107289. Appellant also filed a motion to consolidate the two appeals, CA-18-107056 and CA-18-107289, on June 11, 2018.

**{¶14}** On June 12, 2018, this court granted appellant's motion to consolidate the two appeals for purposes of briefing, hearing, and oral argument.

**{¶15}** In the instant appeal, appellant assigns one error for review:

I. The trial court erred in denying the Motion to Vacate.

## II. Law and Analysis

### A. Scope of Appeal

**{¶16}** As an initial matter, we must determine whether appellant's arguments pertaining to the trial court's December 15, 2017 order of forfeiture, and March 14, 2018 judgment denying its motion for a hearing, are properly before this court. For purposes of our analysis, we will assume that the trial court's December 15, 2017 order of forfeiture is a final appealable order.

**{¶17}** First, the record reflects that appellant's arguments pertaining to the trial court's December 15, 2017 order of forfeiture are untimely. Appellant did not file an appeal challenging the trial court's judgment until April 12, 2018. Accordingly, appellant failed to file the appeal within 30 days of the trial court's judgment, as required by App.R. 4(A)(1).

**{¶18}** Second, to the extent that appellant's arguments challenge the trial court's March 14, 2018 judgment denying appellant's motion for a hearing and upholding the order of forfeiture issued on December 15, 2017, the trial court's judgment is not a final appealable order.

**{¶19}** Our jurisdiction is limited to reviewing final appealable orders. An order of a court is a final appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. R.C. 2505.02(B)(1) defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

**{¶20}** The trial court's April 12, 2018 judgment denying appellant's motion for a hearing does not determine the action and prevent a judgment. A review of appellant's motion for hearing indicates that it is akin to a motion for reconsideration after a final judgment — the trial court's order forfeiting the property to the state.

**{¶21}** "'The Civil Rules do not provide for a motion for reconsideration of a final appealable order, * * * [and] this court has no jurisdiction to review the motion for reconsideration.'" *Manley v. Heather Hill, Inc.*, 175 Ohio App.3d 155, 2007-Ohio-6944, 885 N.E.2d 971, ¶ 29 (11th Dist.), quoting *Smith v. Manor Care of Canton, Inc.*, 5th Dist. Stark Nos. 2005-CA-00100, 2005-CA-00160, 2005-CA-00162, and 2005-CA-00174, 2006-Ohio-1182, ¶ 40-41.

**{¶22}** Assuming, arguendo, that the order of forfeiture is a final appealable order, appellant should have filed an appeal challenging this judgment. Furthermore, had the trial court granted appellant's motion for a hearing — essentially a motion to reconsider and/or vacate the prior order forfeiting the property to the state and granting title of the property to appellant — the trial court's judgment would have been null and void. *See Tedeschi v. Atrium Ctrs., L.L.C.*, 8th Dist. Cuyahoga No. 97647, 2012-Ohio-2929, ¶ 10.

**{¶23}** Based on the foregoing analysis, we find that appellant's arguments challenging the trial court's December 15, 2017 order of forfeiture, and March 14, 2018 judgment denying appellant's motion for a hearing, are not properly before this court in the instant appeal. The record reflects, however, that appellant is attempting to employ the procedure of "bootstrapping" through his appeal challenging the trial court's May 23, 2018 judgment denying the Civ.R. 60 motion to vacate, which is a final appealable order from which appellant filed a timely appeal.

"Bootstrapping" is "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed." *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is "procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order" and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims).

*State v. Bhambra*, 8th Dist. Cuyahoga No. 105283, 2017-Ohio-8485, ¶ 12.

**{¶24}** In the instant appeal, appellant is attempting to bootstrap arguments that are time-barred (pertaining to the December 15, 2017 order of forfeiture) and/or arguments pertaining to a judgment that is not a final appealable order (the denial of appellant's motion for a hearing). We are without jurisdiction to consider appellant's arguments pertaining to either the trial court's December 15, 2017 order of forfeiture or the trial court's March 14, 2018 judgment denying appellant's motion for a hearing. *See Bhambra* at ¶ 13, citing *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 20, and App.R. 4.

**{¶25}** Based on the foregoing analysis, our review in this appeal will be limited to appellant's April 12, 2018 motion to vacate the judgment of forfeiture, and the trial court's May 23, 2018 judgment denying appellant's motion to vacate the judgment of forfeiture.

### B. Motion to Vacate

**{¶26}** In its sole assignment of error, appellant argues that the trial court erred by denying its Civ.R. 60 motion to vacate the trial court's judgment forfeiting the property to the treasurer.

**{¶27}** In order to prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC*

*Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. This court reviews a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶28} In the instant matter, appellant contends that it is entitled to relief pursuant to Civ.R. 60(B), and that it has a meritorious defense to present in the event that relief is granted because the trial court "changed its position" during the course of the treasurer's foreclosure proceedings. Specifically, appellant asserts that the magistrate's June 9, 2017 decision and the trial court's July 6, 2017 judgment entry adopting the magistrate's decision both recognized that Lakeview, appellant's predecessor in interest, had an interest in the property, as a tax certificate holder, that was superior to the treasurer's interest in the property *regarding the distribution of any proceeds if the property sold at sheriff's sale*. Despite recognizing appellant's superior interest, appellant asserts, the trial court "changed its position" by ordering the property be forfeited to the treasurer in the December 15, 2017 order of forfeiture.

{¶29} After reviewing the record, we find no merit to appellant's argument. It is undisputed that Lakeview/appellant had a superior interest to that of the treasurer *over any sale proceeds* — as the parties agreed that the oldest taxes would be paid out of any sale proceeds first. The fact that the trial court recognized and/or that the parties agreed that appellant would be paid first from the proceeds of the sale of the property at sheriff's sale changes nothing. The property did not sell at sheriff's sale, and as a result, there were no proceeds to distribute. Nor is this agreement regarding the proceeds of the sale of the property a meritorious defense.

**{¶30}** The record reflects that appellant, and its predecessor in interest, failed to adequately protect its interest in the property. In support of its challenge to the trial court's judgment, appellant relies on R.C. 5721.40. This statute does contemplate a property being forfeited to a tax certificate holder in the event that it does not sell at sheriff's sale. However, the statute sets forth conditions precedent that must be met in order for the property to be forfeited to a tax certificate holder.

**{¶31}** R.C. 5721.40 provides, in relevant part,

If any tax certificate parcel is twice offered for sale *pursuant to section 5721.39* of the Revised Code and remains unsold for want of bidders, the officer who conducted the sales shall certify to the court or board of revision that the parcel remains unsold after two sales. The court or board of revision, by entry, shall order the parcel forfeited *to the certificate holder who filed the request for foreclosure or notice of intent to foreclose under section 5721.37 of the Revised Code*.

(Emphasis added.)

**{¶32}** In the instant matter, appellant and Lakeview, as tax certificate holders, did not properly file a foreclosure claim, or otherwise initiate foreclosure proceedings in compliance with R.C. 5721.37. As a result, neither Lakeview nor appellant obtained a foreclosure judgment or decree of forfeiture in its favor pursuant to R.C. 5721.40. Because Lakeview and appellant did not initiate foreclosure proceedings, certify its notice of intent to foreclose, offer the property for sale at sheriff's sale, or obtain a foreclosure judgment or decree of forfeiture, neither Lakeview nor appellant was entitled to have the property forfeited to it.

**{¶33}** The record reflects that the treasurer, unlike Lakeview and appellant, properly initiated foreclosure proceedings pursuant to R.C. 5721.18. The treasurer obtained a foreclosure judgment, and offered the property for sale at sheriff's sale pursuant to R.C. 5721.19. When the

property did not sell at sheriff's sale, the treasurer obtained a decree of forfeiture pursuant to R.C.

5723.01(A)(1), which provides,

> Every tract of land and town lot, which, pursuant to foreclosure proceedings under section 323.25, sections 323.65 to 323.79, or section 5721.18 of the Revised Code, has been advertised and offered for sale on two separate occasions, not less than two weeks apart, and not sold for want of bidders, *shall be forfeited to the state* or to a political subdivision, school district, or county land reutilization corporation pursuant to division (A)(3) of this section.

(Emphasis added.)

**{¶34}** The arguments that appellant raises in challenging the trial court's judgment should have been raised in a direct appeal from the foreclosure judgment or the order of forfeiture. Appellant did not file a timely appeal challenging these judgments. Rather, appellant improperly attempts to use its Civ.R. 60(B) motion to vacate as a substitute for a timely appeal. *See Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. "It is axiomatic that 'a Civ.R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal.'" *Crown Auto Sales, Inc. v. Copart of Connecticut, Inc.*, 8th Dist. Cuyahoga No. 104366, 2016-Ohio-7896, ¶ 8, quoting *Doe* at *id*.

**{¶35}** Appellant also argues that R.C. 5721.10 prohibited the treasurer from initiating foreclosure proceedings on the property, and that the trial court "abused its discretion when it found that the [treasurer] had proceeded in accordance with law despite [the treasurer] clearly violating the provisions of R.C. 5721.10." Appellant's reply brief at 7. The record reflects that appellant did not raise this argument in the trial court, and raises the argument for the first time in this appeal. It is well-established that a party is precluded from raising an argument on appeal that the party failed to assert in the trial court. *See State v. Bridges*, 8th Dist. Cuyahoga No. 106652, 2018-Ohio-4325, ¶ 7, citing *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87

N.E.3d 1203, ¶ 4 ("New issues cannot be raised and argued for the first time on appeal."); *State ex rel. Zollner v. Indus. Comm. of Ohio*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) (when a party fails to raise an argument in the trial court, he or she waives the right to raise the argument on appeal).

{¶36} Finally, we note that appellant's arguments challenging the trial court's order of forfeiture are moot. "'It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot.'" *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 10, quoting *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990).

{¶37} As noted above, appellant failed to file motions to stay and/or timely appeals of the trial court's decree of foreclosure or order forfeiting the property to the treasurer. On February 16, 2018, after the trial court issued the order of forfeiture and forfeited the property to the treasurer, the Cuyahoga County Land Reutilization Corporation ("CCLRC") requested that the county's fiscal officer convey the forfeited property to the CCLRC. The fiscal officer granted the property, by way of fiscal officer's deed, to the CCLRC on March 28, 2018. Thereafter, on the same day, the CCLRC sold and conveyed title of the property, by way of quit claim deed, to a third party, 1544 Coventry L.L.C. 1544 Coventry L.L.C. currently holds title to the property.

{¶38} As a result of appellant's failure to appeal and/or stay the order of forfeiture, the property was ultimately sold to a third party, and the third party recorded the deed. Accordingly, the trial court's order of forfeiture, forfeiting the property to the treasurer, has been satisfied and carried out to the fullest extent. Under these circumstances, even if we found that appellant was entitled to relief under Civ.R. 60(B) and, as a result, reversed the trial court's judgment denying appellant's motion to vacate, we would be unable to grant any effectual relief to appellant. *See*

*Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 13, citing *Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185 (Jan. 22, 1998), and *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

{¶39} For all of the foregoing reasons, we find no basis upon which to conclude that the trial court abused its discretion in denying appellant's motion to vacate. Appellant failed to establish the existence of a meritorious defense or claim to present if relief was granted. Accordingly, appellant is not entitled to relief from judgment.

{¶40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
STEPHEN A. YARBROUGH, J.,* CONCUR

* (Sitting by Assignment: Retired Judge Stephen A. Yarbrough of the Sixth District Court of Appeals.)