[Cite as *Cuyahoga Cty. Treasurer v. Holloway*, 2022-Ohio-301.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

TREASURER OF CUYAHOGA
COUNTY, OHIO,                                              :

      Plaintiff-Appellee,                          :

                                               No. 110433

      v.                                                          :

SHAWN HOLLOWAY, ET AL.,                    :

      Defendants-Appellants.                   :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  DISMISSED
**RELEASED AND JOURNALIZED:**  February 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-854999

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Hannah Singerman, Assistant Prosecuting
Attorney, *for appellee.*

Shawn Holloway, *pro se.*

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Shawn Holloway ("Holloway"), pro se, appeals

the trial court's reinstatement of a vacated decree of foreclosure in favor of plaintiff-

appellee, Treasurer of Cuyahoga County. For the reasons set forth below, we dismiss this appeal as moot.

{¶ 2} On November 30, 2015, the county filed a complaint in foreclosure of real property located at 2848 East 102nd Street, Cleveland, Ohio 44104, permanent parcel number 128-11-066, for delinquent real property taxes. On December 18, 2015, Holloway answered the complaint.

{¶ 3} On November 22, 2016, the matter proceeded to a hearing before the magistrate. On November 30, 2016, the magistrate issued a decision with findings of fact, conclusions of law, and an order of foreclosure. On December 12, 2016, Holloway filed a pro se motion to "set aside" the magistrate's decision. Holloway's motion was essentially an objection to the magistrate's decision. On December 14, 2016, the trial court adopted the magistrate's decision and entered a decree of foreclosure without ruling on Holloway's objections.

{¶ 4} On December 30, 2016, Holloway filed notice of appeal in *Treasurer of Cuyahoga Cty. v. Holloway*, 8th Dist. Cuyahoga No. 105309, 2017-Ohio-8065. On January 20, 2017, the trial court denied Holloway's motion to stay absent Holloway's filing of a supersedeas bond.

{¶ 5} On March 10, 2017, the trial court issued an order of sale for April 10, 2017, and if the property did not sell, a second sale on April 24, 2017. On May 17, 2017, the county forfeited the property to the state of Ohio.

{¶ 6} On October 5, 2017, this court dismissed Holloway's appeal for lack of a final appealable order because the trial court had not ruled on Holloway's timely

objections before adopting the magistrate's decision. On March 30, 2018, the trial court reviewed the magistrate's November 30, 2016 decision, found that it did "not properly reflect the record," and vacated its December 14, 2016 decree of foreclosure.

{¶ 7} On April 4, 2018, the magistrate issued a revised decision with findings of fact, conclusions of law, and an order of foreclosure without objection from Holloway. On May 1, 2018, the trial court adopted the magistrate's revised decision and reentered a decree of foreclosure.

{¶ 8} On July 6, 2018, the trial court issued orders of sale for August 6 and August 20, 2018. On August 7, 2018, the trial court ordered the sheriff to return the order of sale without execution. Attached to this order is the trial court's finding that the property was sold in a forfeited land sale held on November 2, 2017.

{¶ 9} Nearly a year later, on July 24, 2019, the county moved to vacate the decree of foreclosure and dismiss the case, stating that Holloway had "redeemed the parcel by payment in full of all taxes, assessments, penalties, interest and other charges, if any, in accordance with [R.C.] 5721.25 * * *, together with all costs incurred in these proceedings." The trial court granted the county's motion on August 7, 2019.

{¶ 10} More than a year and a half later, on February 23, 2021, the county moved to reinstate the May 1, 2018 decree of foreclosure. In the motion, the county stated that it filed its July 24, 2019 motion to vacate "in error." The county explained

that the property had not sold in April 2017, was forfeited to the state, and later sold to a third party who paid the delinquent taxes.

{¶ 11} On March 19, 2021, the trial court granted the county's motion to reinstate the foreclosure decree, finding that

> [the county] had previously moved to vacate the judgment of foreclosure on the mistaken belief that [Holloway] had redeemed the parcel. However, the taxes were brought current through adjustment due to forfeiture of the parcel to the state, along with payments made to the Treasurer by a subsequent bona fide purchaser. In order to remove the cloud on title to the parcel, the journal entry filed August 7, 2019 vacating the judgment of foreclosure and dismissing the case is vacated, set aside, and held for naught. The judgment of foreclosure entered May 1, 2018 is reinstated and remains in full force and effect.

{¶ 12} Holloway appeals this judgment,[1] raising a single assignment of error:

> The trial court erred when it allowed [the county] to prevail on a Motion to Reinstate a Foreclosure Judgment outside of the legislative parameters expressly set forth in R.C. 2305.19, and by allowing counsel to withdraw without filing an answer motion, giving an extension of time to do so, or holding an inquiry hearing where counsel was recently disciplined for similar conduct. All in violation of [Holloway's] right to due process of law as guaranteed under the Sixth and Fourth Amendment of the U.S. Constitution.

{¶ 13} In his sole assignment of error, Holloway argues that the trial court erred when it reinstated its May 1, 2018 foreclosure decree because the trial court, in effect, treated the county's motion as a motion for reconsideration. The county argues that the trial court's August 7, 2019 judgment entry vacating its May 1, 2018 foreclosure decree was void because the August 7, 2019 judgment was based on a

---

[1] New counsel for Holloway filed a notice of appearance on March 31, 2021, and a notice of appeal on April 18, 2021. However, Holloway filed his appellate brief pro se.

mistaken belief that Holloway had paid the delinquent taxes and redeemed the property when in fact the property had been forfeited to the state on May 17, 2017, and subsequently sold to a third party. Because the property has been sold, however, Holloway's appeal is moot.

{¶ 14} R.C. 323.25, governing enforcement of tax liens, provides that foreclosure on unpaid tax liens proceed in the same manner as foreclosure on unpaid mortgages. *Rokakis v. W. Res. Leasing Co.*, 8th Dist. Cuyahoga No. 95058, 2011-Ohio-1926, ¶ 12. The same is true of foreclosure on unpaid liens of the state under R.C. 5721.18(A). *Rokakis v. Bowman*, 8th Dist. Cuyahoga No. 92950, 2010-Ohio-4666, ¶ 8. R.C. 5723.01 requires property subject to foreclosure under R.C. 323.25 and 5721.18 to be forfeited to the state if that property remains unsold after it is twice offered for sale. After forfeiture, R.C. 5723.03 gives the former owner a right to redeem the property until the property is sold. *See Jonke v. Rubin*, 170 Ohio St. 41, 44, 162 N.E.2d 116 (1959) (the right of redemption under R.C. 5723.03 is lost upon the state's sale of the property).

{¶ 15} In foreclosure actions, two judgments are appealable: the order of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39. Failure to timely appeal a foreclosure or forfeiture order bars any arguments pertaining to these orders. *Treasurer of Cuyahoga Cty. v. Robshir Properties, L.L.C.*, 8th Dist. Cuyahoga Nos. 107056 and 107289, 2019-Ohio-535, ¶ 34. Once the property is sold in foreclosure or forfeiture, failure to timely appeal confirmation of the sale limits the

former owner's remedies because the law protects the property rights of the third-party purchaser, who retains title to the property. *Blisswood Village Home Owners Assn. v. Euclid Community Reinvestment, L.L.C.*, 8th Dist. Cuyahoga No. 105854, 2018-Ohio-1091, ¶ 16; *Robshir Properties, L.L.C.* at ¶ 38.

{¶ 16} When property is no longer recoverable, R.C. 2329.45 provides restitution as an alternative remedy if a foreclosure decree is reversed on appeal. *Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, at ¶ 6. However, R.C. 2329.45 only applies if the appellant sought and obtained a stay of the distribution of the proceeds. *Id.* If the appellant fails to obtain a stay, any appeal of the foreclosure decree is moot because "'the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court[,] and the court cannot afford relief to the parties to the action.'" *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 8th Dist. Cuyahoga No. 105861, 2018-Ohio-1092, ¶ 13, quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 16.

{¶ 17} In the instant case, Holloway appealed the trial court's December 14, 2016 foreclosure decree and moved for a stay but did not post a bond pursuant to Civ.R. 62(B). Therefore, the trial court denied Holloway's motion. In addition, Holloway did not request a stay from this court pursuant to Civ.R. 62(D) and App.R. 7(A). While the appeal was pending, the trial court ordered sheriff's sales on April 10 and April 24, 2017. The property did not sell. On May 17, 2017,

pursuant to R.C. 5723.01, the court ordered the property to be forfeited to the state. Holloway did not appeal the court's forfeiture decree. On November 2, 2017, the state sold the property to a third party, cutting off Holloway's right to redeem the property under R.C. 5723.03. On October 5, 2017, this court dismissed Holloway's appeal for lack of a final appealable order. After the matter returned to the trial court, the trial court vacated its December 14, 2016 foreclosure decree and entered a second foreclosure decree on May 1, 2018. Holloway did not appeal this second decree.

{¶ 18} On appeal, Holloway asks this court to remand the matter for dismissal with prejudice. Because the property has been sold, however, the matter has been extinguished through satisfaction of the foreclosure judgment. Even if we were to vacate the trial court's reinstatement of its May 1, 2018 foreclosure decree, we can afford Holloway no effective relief because Holloway neither appealed nor obtained a stay of the court's forfeiture and foreclosure orders. An appeal is moot if the appellate court can grant no relief. *Robshir Properties, L.L.C.*, 8th Dist. Cuyahoga Nos. 107056 and 107289, 2019-Ohio-535, at ¶ 38; *Genesis Real Estate Holdings Group, L.L.C.*, 8th Dist. Cuyahoga No. 105861, 2018-Ohio-1092, at ¶ 14-15; *Euclid Community Reinvestment, L.L.C.*, 8th Dist. Cuyahoga No. 105854, 2018-Ohio-1091, at ¶ 18-19, citing *Wells Fargo Bank, N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498; *Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708; *Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185 (Jan. 22, 1998).

**{¶ 19}** Accordingly, the instant appeal is dismissed as moot.

It is ordered that the parties share equally the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR