[Cite as *Liberatore v. Castorani*, 2021-Ohio-1684.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ANTHONY M. LIBERATORE

    Appellant

    v.

SHARON L. CASTORANI, et al.

    Appellee

C.A. No.    20CA011609

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16 JG 48893

DECISION AND JOURNAL ENTRY

Dated: May 17, 2021

TEODOSIO, Judge.

{¶1} Appellant, Anthony Liberatore ("Father"), appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that denied his motion to vacate the court's prior order that placed his minor child in the legal custody of his cousin ("Cousin") and her husband. This Court affirms.

I.

{¶2} Father and Sharon Castorani ("Mother") are the biological parents of L.L., born May 20, 2010. Mother and Father were not married but lived together for several years until they ended their relationship during 2015.

{¶3} On June 15, 2016, Father filed a complaint, seeking to allocate parental rights and responsibilities. He attached his own affidavit in which he stated that Mother had a serious substance abuse problem, had been exhibiting "dangerous behavior[,]" and that she was "incapable

of adequately parenting the minor child[.]" The same day, Father moved for, and was granted, emergency temporary custody of the child.

{¶4} On August 30, 2016, Cousin and her husband moved to intervene in this case. They also filed a "MOTION FOR TEMPORARY ORDERS," which explicitly requested temporary and "permanent" custody of the child. L.L. was later placed in the temporary custody of Cousin and her husband, with the agreement of Father, who was then represented by counsel.

{¶5} The record would later reflect that, at that time, Father was in drug treatment in lieu of conviction for committing theft-related felony offenses in Cuyahoga County. For the next several months, the parties proceeded with settlement negotiations. During that period, Father expressed his hope to regain custody of L.L. in the future, after he was able to achieve and maintain sobriety.

{¶6} On April 28, 2017, however, Father's counsel filed a motion to withdraw because his communications with Father had broken down. With supporting documentation from Father's criminal case, counsel informed the court that Father was incarcerated for recently violating the terms of his treatment in lieu of conviction. Father had been terminated from the diversion program, was convicted of several offenses, and would be committed to an in-patient drug treatment facility as soon as a bed became available. The trial court granted counsel's motion to withdraw on May 3, 2017.

{¶7} On June 5, 2017, the parties appeared before the trial court for a settlement conference. Father appeared without counsel. Although Father argues on appeal that he requested a continuance to obtain new counsel, the record does not reflect any request for a continuance by him. Father makes other procedural arguments that are also unsupported by the record but are not relevant to the disposition of this appeal.

{¶8} At the hearing, the trial court asked Father about whether he understood that he could have another attorney represent him, and Father responded, "I do understand, yes." When the court asked Father whether he desired to represent himself and proceed with the settlement hearing that day, Father answered, "Yes, Your Honor."

{¶9} Father further responded on the record that he understood that the case was before the trial court on his motion for custody of L.L. as well as the motion of Cousin and her husband for legal custody of the child. Father stated that he had come to an agreement with the parties about the custody of L.L. He identified the proposed judgment given to the trial judge, including his signature on page five, as reflecting the agreement of the parties to place L.L. in the legal custody of Cousin and her husband.

{¶10} The same day, June 5, 2017, the trial court journalized a five-page "JUDGEMENT ENTRY" that included Father's signature on page five. The judgment entry stated that the parties had reached an agreement to place L.L. in the sole custody of Cousin and her husband and that such a placement was in the child's best interest. The judgment entry further "ordered, adjudged and decreed" that Cousin and her husband were "the sole residential and legal custodians" of L.L. and that Father and Mother "shall have visitation as attached and fully incorporated as exhibit A." No one appealed from that judgment.

{¶11} Father later hired new counsel. On October 15, 2018, more than 16 months after the legal custody judgment, Father filed a motion to vacate the June 5, 2017 judgment "for lack of jurisdiction." The trial court later explained that it would construe the motion as one filed pursuant to Civ.R. 60(B). Following a hearing, during which the parties presented oral arguments on the motion, the trial court denied Father's motion to vacate. Father appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT VACATE ITS JUDGMENT OF JUNE 5, 2017.

{¶12} Father's sole assignment of error is that the trial court erred in denying his motion to vacate the June 2017 judgment placing L.L. in the legal custody of Cousin and her husband. At the hearing on Father's motion to vacate, the trial court and the parties addressed Father's arguments, many of which attacked the propriety of the 2017 legal custody judgment. Father's challenges to the legal custody judgment, however, were issues that should have been raised through a timely appeal from that judgment but were not. The trial court had no authority to reconsider the merits of its 2017 legal custody judgment, nor could it grant Civ.R.60(B) relief on grounds that could have been, but were not, raised through a timely appeal from that judgment. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981); *State ex rel. McGrath v. McClelland*, 133 Ohio St.3d 337, 2012-Ohio-4782, ¶ 2.

{¶13} On appeal, the parties again focus many of their arguments on the propriety of the legal custody judgment, which is not the judgment appealed in this case. Father appeals from the trial court's 2019 judgment denying his motion to vacate the 2017 legal custody judgment. Consequently, this Court is without jurisdiction to address the overall propriety of the trial court's 2017 legal custody judgment. The scope of our review is confined to whether the trial court erred in denying Father's motion to vacate that judgment.

{¶14} A trial court has limited authority to vacate a final judgment. Civ.R. 60(B) provides that "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Ohio's Rules of Civil Procedure specifically limit relief from final judgments to motions "by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a

new trial), and Civ.R. 60(B) (motion for relief from judgment)." *Pitts,* 67 Ohio St.2d at 380. Father did not file a motion for judgment notwithstanding the verdict or for a new trial. Instead, he filed a motion to vacate the judgment, which the trial court construed as one filed under Civ.R. 60(B).

{¶15} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), Father was required to demonstrate: (1) he had a meritorious defense or claim to present if relief is granted; (2) he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Civ.R. 60(B) provides specific grounds for relief, which include: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * * ; (3) fraud * * * ; (4) the judgment has been satisfied * * *, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Grounds qualifying under the 60(B)(5) catchall provision must be given a narrow application, and the grounds for its use should be "substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983).

{¶16} The trial court stated that it would construe Father's motion as one filed pursuant to Civ.R. 60(B), but Father did not argue or demonstrate that his motion satisfied any of the requirements of Civ.R. 60(B). Instead, Father's motion and his argument at the hearing were premised on his assertion that the trial court's 2017 legal custody judgment was void because it was entered by a trial court lacking subject matter jurisdiction. Because subject matter jurisdiction goes to the power of the court to hear the merits of a case, it may be challenged at any time. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). It is a "condition precedent to the court's ability to hear the case. If a court acts without

jurisdiction, then any proclamation by that court is void." *Id*.; *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus.

{¶17} A Civ.R. 60(B) motion for relief from judgment applies to judgments that are voidable, but a common law motion to vacate is the appropriate means by which to challenge a void judgment. *State ex rel. DeWine v. 9150 Group, L.P*., 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7. A trial court has inherent authority to vacate a void judgment, such as one that was rendered by a court lacking subject matter jurisdiction. *Patton* at paragraphs three and four of the syllabus. "Therefore, a common law motion to vacate a void judgment need not meet the standards applicable to a Civ.R. 60(B) motion." *9150 Group, L.P* at ¶ 7.

{¶18} Father's arguments in the trial court and on appeal, however, fail to demonstrate that the trial court lacked subject matter jurisdiction over this legal custody case. Jurisdiction fundamentally concerns a court's constitutional or statutory power to adjudicate a case and "'encompasses jurisdiction over the subject matter and over the person.'" *State v. Rue*, Slip Opinion No. 2020-Ohio-6706, ¶ 13, quoting *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Article IV, Section 4(A) of the Ohio Constitution provides that "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state." Article IV, Section 4(B) further provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." The Ohio Supreme Court has interpreted this language to mean that the subject matter jurisdiction of Ohio's common pleas courts is defined by statute. *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 7.

{¶19} R.C. 2151.23 defines the subject matter jurisdiction of Ohio's juvenile courts. Under R.C. 2151.23(A)(2), the Lorain County Juvenile Court has subject matter jurisdiction

"[s]ubject to [exceptions not applicable to Lorain County], to determine the custody of any child not a ward of another court of this state[.]" Father invoked the trial court's subject matter jurisdiction under this provision when he filed his complaint in this case, as L.L. was not a ward of any other court. Cousin and her husband later sought to intervene in the case and to obtain legal custody of L.L. Although Father points to the fact that they did not cite R.C. 2151.23 and referred to legal custody as "permanent" custody, he has failed to demonstrate that either of those alleged shortcomings affected the trial court's subject matter jurisdiction in this case.

{¶20} Instead, Father's argument about the juvenile court lacking "jurisdiction" focuses on whether the trial court's "exercise" of its jurisdiction in this case was proper. In addition to subject matter and personal jurisdiction, a third category of "jurisdiction" applies to the trial court's authority to exercise its jurisdiction over a particular case. In *Pratts*, *supra*, at ¶ 12, the Ohio Supreme Court recognized that this third category of jurisdiction "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction."

{¶21} Although a lack of subject matter jurisdiction will render a trial court's judgment void, "lack of jurisdiction over the particular case merely renders the judgment voidable." (Internal quotations omitted). *Id.*, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting), quoting *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). Consequently, any challenge to the propriety of the trial court's exercise of its jurisdiction must be raised on direct appeal from that judgment and is not cognizable in a collateral attack such as a motion to vacate that judgment. *See Pratts* at ¶ 31-32; *Swiger* at 465.

{¶22} Father cites to this Court's decision in *In re C.W.*, 9th Dist. Lorain Nos. 16CA011044, 17CA011162, and 17CA011165, 2018-Ohio-5265, in which this Court addressed

the appellant's argument about whether the trial court had exceeded its authority to exercise jurisdiction over that case. This Court ultimately concluded that there had been no "exercise" of jurisdiction by the trial court because it did not enter a judgment on the parties' settlement. *Id*. at ¶ 29-30.

{¶23} In addition to factual differences in the underlying trial court case, *In re C.W.* is distinguishable from this appeal because it involved a direct appeal from a purported custody/visitation judgment, which authorized this Court to delve into the appellant's argument about whether the trial court improperly exercised its jurisdiction. In this appeal, Father is not challenging the trial court's exercise of its jurisdiction through a direct appeal. Instead, he has appealed from the trial court's denial of his motion to vacate. Therefore, even if Father could demonstrate an improper exercise of jurisdiction by the trial court, that issue cannot be raised through a collateral attack on the trial court's 2017 legal custody judgment. *See Pratts*, 2004-Ohio-1980, at ¶ 32.

{¶24} Consequently, Father has failed to demonstrate that the trial court erred in denying his motion to vacate the 2017 legal custody judgment. Father's assignment of error is overruled.

III.

{¶25} Father's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JAMES V. BARILLA, Attorney at Law, for Appellant.

JEFFREY S. BROWN, Attorney at Law, for Appellee.

SHARON L. CASTORANI, pro se, Appellee.