[Cite as *LaCourse v. LaCourse*, 2023-Ohio-972.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tonya LaCourse                                    Court of Appeals No.  L-22-1092

      Appellee                                    Trial Court No.  DR0201900647

v.

John LaCourse                                     **DECISION AND JUDGMENT**

      Appellant                                    Decided:  March 24, 2023

* * * * *

Martin E. Mohler, for appellee.

Jeremy W. Levy and Brianna L. Stephan, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, John LaCourse, appeals the March 15, 2022 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, denying his motion to vacate the February 16, 2022 consent judgment entry that amended the terms of the parties' previously-granted divorce decree.  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} Appellee, Tonya LaCourse, filed a complaint for divorce from appellant on September 9, 2019. On May 24, 2021, the trial court granted the parties a divorce through a final judgment entry. In granting the divorce, the trial court found "that the parties have settled all their rights and interests arising out of and relating to division of property * * * and after reviewing the agreement of the parties find same to be fair and equitable and hereby approves same." Relevant to the present appeal, the parties agreed that appellant would "retain as his own, free from any claim on the part of [appellee] all right, title, and interest in and to his * * * pension plans, and other retirement plans in his possession[.]" Both parties and their respective counsel signed the divorce decree and the trial court granted them their divorce through a consent judgment entry.

{¶ 3} On November 23, 2021, appellee filed a motion for relief from that judgment pursuant to Civ.R. 60(B). In her motion, appellee alleged that appellant had concealed an employer pension plan prior to settling their divorce action. This, she argued, entitled her to relief from the May 24, 2021 judgment granting their divorce pursuant to Civ.R. 60(B)(1), (2), (3), and (5), because the pension plan should have been included in the parties' division of marital property agreement. Appellant did not timely file a response to appellee's motion. Instead, the record reflects that the parties engaged in settlement discussions aimed at resolving the dispute. Those discussions ultimately resulted in the parties consenting to the entry of a February 16, 2022 *nunc pro tunc*

2.

judgment granting appellee "one half of the marital value of Defendant's pension plans and retirement plans[.]" The consent entry was signed by counsel for both parties.

{¶ 4} On March 1, 2022, appellant filed a motion for leave to file an opposition to appellee's already-granted Civ.R. 60(B) motion for relief from judgment. The motion for leave sought only to file an opposition but did not identify a reason he had not timely responded. On March 2, 2022, appellant filed a motion to vacate the February 16, 2022 consent judgment. In that motion, appellant argued that his prior counsel consented to the February 16, 2022 judgment entry without his authorization. Appellant submitted an affidavit identifying an alleged breakdown in communication with his counsel in support of his motion. Appellee did not file an opposition to either motion.

{¶ 5} On March 3, 2022, the trial court denied appellant's motion for leave to file his opposition to appellee's motion for relief, finding that it had been rendered moot by the prior granting of appellee's motion. On March 15, 2022, the trial court denied appellant's motion to vacate the February 16, 2022 consent judgment entry granting appellee's motion. In denying the motion to vacate, the trial court construed appellant's allegations as a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court held that allegations that trial counsel consented to a judgment entry without their client's authorization does not provide grounds for relief from judgment under Civ.R. 60(B)(1) and denied appellant's motion.

3.

## B. Assignments of Error

**{¶ 6}** Appellant timely appealed and asserts the following errors for our review:

1. The trial court's lack of subject matter jurisdiction to modify a final property division rendered the February 16, 2022 order voidable.

2. Appellant alleged a meritorious defense and demonstrated an entitlement to relief under at least one of the grounds enumerated by Civ.R. 60(B).

## II. Law and Analysis

### A. The trial court had subject matter jurisdiction to modify the parties' divorce decree pursuant to R.C. 3105.171.

**{¶ 7}** In his first assignment of error, appellant argues that the trial court lacked subject matter jurisdiction to modify the parties' May 24, 2021 divorce decree. Appellant makes two arguments in support of his assigned error. First, he argues that because the trial court's judgment resulted in a substantive change to the prior judgment and was, therefore, not subject to modification through a *nunc pro tunc* order. Second, he alleges that appellee's filing of a Civ.R. 60(B) motion for relief from judgment from that decree, and his counsel's lack of authorization to reach a settlement on the disputed issue, did not satisfy the requirements of R.C. 3105.171 to provide the trial court with continuing jurisdiction to grant the modification. We address appellant's arguments in turn.

> 1. *The trial court's identification of the February 16, 2022 judgment entry as a* nunc pro tunc *order does not constitute reversible error.*

**{¶ 8}** A trial court's issuance of a *nunc pro tunc* order is to "correct errors which are clerical in nature." *See Friedrich v. Honeywell,* 6th Dist. Lucas No. L-08-1300, 2009-

Ohio-661, ¶ 10. *Nunc pro tunc* entries cannot be used to make substantive changes to a prior judgment and are limited to stating "judicial action previously and actually taken * * * [to ] make the journal speak the truth." *Infrasys, Inc. v. Brothers Pavement Products Corp.,* 2020-Ohio-1157, 152 N.E.3d 1274, ¶ 20 (6th Dist.), citing *State ex rel. Rogers v. Rankin,* 154 Ohio St.23, 26, 93 N.E.2d 281 (1950). Using a *nunc pro tunc* entry to make substantive changes to a prior judgment constitutes reversible error. *Id.* at ¶ 20-21. It is undisputed that the February 16, 2022 consent judgment entry constitutes a substantive modification to the prior divorce decree and does not correct a clerical error. Appellant argues that because the modification of the divorce decree constituted a substantive change, the trial court erred in granting the modification through the issuance of a *nunc pro tunc* judgment. We agree that the substantive modification of the parties' divorce decree was not subject to a *nunc pro tunc* order. However, we find that the trial court's February 16, 2022 judgment was not a *nunc pro tunc* order despite its caption.

{¶ 9} "Just because a trial court refers to an entry as nunc pro tunc does not make it so established." *Gauthier v. Gauthier,* 12th Dist. Warren No., 2019-Ohio-4208, ¶ 71, citing *State v. Yeaples,* 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶ 15 (3d Dist.). The substance of the judgment entry determines whether the judgment actually constitutes a *nunc pro tunc* entry or was incorrectly identified as such. *See Yeaples* at ¶ 71-72 (holding that the trial court's *nunc pro tunc* judgment entry was not actually a *nunc pro tunc* entry, despite its title, as it was the first recitation of all substantive findings and only modified an interlocutory order); *State v. Shamaly,* 8th Dist. Cuyahoga No. 88409,

5.

2007-Ohio-3409, ¶ 7-8 (holding that the judgment entry identifying the amount of the fine imposed was not a *nunc pro tunc* order as it was the actual imposition of judgment on the offender because it did not correct any clerical errors in a prior order stating that a fine would be imposed).

{¶ 10} Further, when an incorrect statement in a judgment entry does not result in prejudice to the appellant, the inclusion of those statements does not constitute reversible error. *See First Place Bank v. Blythe,* 7th Dist. Columbiana No. 12 CO 27, 2013-Ohio-2550, ¶ 2, 32 (holding that an incorrect statement in a judgment entry that does not serve as the basis for the final judgment is not a reversible error because appellant did not suffer prejudice resulting from the incorrect statement); *Myers v. Myers,* 153 Ohio App.3d 243, 2003-Ohio-3552, ¶ 40 (7th Dist.) (holding that a trial court's inclusion of superfluous findings in its judgment entry that did not serve as the basis for the judgment did not constitute prejudicial error).

{¶ 11} Here, despite the judgment entry's caption, the trial court did not actually grant the modification as the correction of a clerical error in the prior judgment. Instead, the record clearly shows that the trial court's modification of the divorce decree was accomplished through the granting of appellee's motion for relief from judgment and "by consent of the parties." Therefore, the February 16, 2022 judgment entry was not a *nunc pro tunc* entry, though captioned as such, but was actually a consent judgment entry granting relief from the prior decree and constitutes the court's substantive final judgment on an issue raised subsequent to that decree. Appellant's argument that the trial court's

6.

February 16, 2022 substantive modification of the prior divorce decree could not be accomplished through the issuance of a *nunc pro tunc* order is sound, but misplaced. The trial court did not improperly exceed the scope of a *nunc pro tunc* order because it did not issue a *nunc pro tunc* order. Moreover, appellant did not suffer any prejudice as a result of this misidentification. As a result, appellant's argument that the trial court committed reversible error by issuing a *nunc pro tunc* order to substantively modify its prior judgment is without merit.

>    2.  *The parties' consent entry provided the trial court with jurisdiction to modify the divorce decree.*

{¶ 12} Appellant also argues that the trial court lacked jurisdiction to modify the divorce decree. Specifically, appellant argues that he did not authorize his counsel to settle appellee's Civ.R. 60(B) motion through a consent judgment entry. As a result, he argues, the trial court did not have continuing jurisdiction pursuant to R.C. 3105.171(I) to modify the decree. R.C. 3105.171(I) states "[a] division or disbursement of property or a distributive award made under [R.C. 23105.171] is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."

{¶ 13} As a preliminary matter, we note that "[a]ppellate review of a trial court's order is limited to the record made in the trial court." *Salpietro v. Salpietro,* 2023-Ohio-169, -- N.E.3d --, (6th Dist.) ¶ 9, citing *Fifth Third Bank v. Fin. S. Office Partners, Ltd.,* 2d Dist. Montgomery No. 23762, 2010-Ohio-5638. "The record that we can consider is

7.

'the record as it existed at the time the trial court rendered judgment.'" *Id.,* citing *Leiby v. Univ. of Akron,* 10th Dist. Franklin No. 05AP-1281, 2006-Ohio-2831, ¶ 7. The trial court approved the consent judgment entry modifying the divorce decree on February 16, 2022. At that time, the only pending motion was appellee's Civ.R. 60(B) motion for relief from judgment. The trial court was presented with a judgment entry, signed by both parties' counsel, consenting to the judgment entry modifying the prior decree and therefore resolving the only motion pending. It was not until appellant retained new counsel, after the trial court granted the consent judgment, that appellant filed his March 1, 2022 motion for leave to oppose appellee's Civ.R. 60(B) motion and his March 2, 2022 motion to vacate the consent judgment entry. In other words, appellant's argument that the trial court should have considered his March 1, 2022 and March 2, 2022 filings before approving the consent judgment entry is inappropriate because appellee's motion had been ruled on prior to those filings. Therefore, we limit our review of the trial court's granting of the consent judgment entry to the record as it existed on February 16, 2022.

{¶ 14} R.C. 3105.171(I) provides a trial court with continuing jurisdiction to modify a judgment entry dividing the parties' marital property provided the parties give written consent to the modification. We find that the signed consent entry satisfies the requirements of R.C. 3105.171(I) and provided the trial court with jurisdiction to grant the modification. Appellant's argument that the trial court lacked jurisdiction is without merit.

8.

{¶ 15} Having reviewed the record, we find that the trial court did not err in granting the parties' consent judgment entry modifying the divorce decree. The trial court's identification of the order as being nunc *pro tunc* did not result in prejudice against appellant, and the parties' consent judgment entry satisfied the requirements of R.C. 3105.171(I). Therefore, the trial court had continuing jurisdiction to grant the modification and appellant's first assignment of error is found not well-taken.

**B. The trial court did not err in denying appellant's motion to vacate.**

{¶ 16} In his second assignment of error, appellant argues that the trial court erred in denying his March 2, 2022 motion to vacate the February 16, 2022 judgment. Appellant alleges that the trial court's failure to consider whether he was entitled to relief from judgment pursuant to Civ.R. 60(B)(3) and (B)(5) constitutes reversible error. We disagree.

{¶ 17} Initially, we note that appellant's March 2, 2022 motion to vacate does not reference Civ.R. 60(B). "A trial court has limited authority to vacate a final judgment." *Liberatore v. Castorani,* 9th Dist. Lorain No. 20CA011609, 2021-Ohio-1684, ¶ 14. "Ohio's Rules of Civil Procedure specifically limit relief from final judgments to motions 'by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment).'" *Id.* When a generically-titled motion to vacate seeks relief from judgment, courts may construe the motion as a motion filed pursuant to Civ.R. 60(B). *See Mtge. Electronic Registration Sys., Inc. v. Harris-Gordon,* 6th Dist. Lucas No. L-10-1176, 2011-Ohio-1970, ¶ 11;

9.

*Antonio Sofo & Son Importing Co. v. Grinders, Inc.,* 6th Dist. Lucas No. L-11-1113, 2012-Ohio-1109, ¶ 6; *Liberatore* at ¶ 14.

{¶ 18} Civ.R. 60(B) authorizes a party to seek relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(B); (3) fraud
> (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation or other misconduct of an adverse party; (4) the
> judgment has been satisfied, released or discharged, or a prior judgment
> upon which it is based has been reversed or otherwise vacated, or it is
> no longer equitable that the judgment should have prospective
> application; or (5) any other reason justifying relief from the judgment.

{¶ 19} Civ.R. 60(B)(5) is a "catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)." *Henry County Bank v. Dudley,* 6th Dist. Lucas No. L-21-1192, 2022-Ohio-4192, ¶ 12, quoting *Caruso-Ciresi, Inc. v. Lohman,* 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus.

{¶ 20} In order to prevail on a motion for relief from judgment, "the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)

through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment." *Oullette v. Oullette,* 2020-Ohio-705, 152 N.E.3d 528, ¶ 34 (6th Dist). "A party seeking relief under Civ.R. 60(B) is required to allege 'operative facts' that support the claim[.]" *Henry County Bank* at ¶ 13, citing *Treasury of Lucas County. v. Mt. Airy Investments, Ltd.,* 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 24. "We review a determination under Civ.R. 60(B) for an abuse of discretion." *Id.* "An 'abuse of discretion' requires a finding of more than an error of judgment and implies the trial court acted unreasonably, arbitrarily, or unconscionably." *Id.* at ¶ 35.

{¶ 21} Appellant's motion to vacate only alleged that he was entitled to relief from judgment because he did not authorize his counsel to enter into the February 16, 2022 consent judgment entry. The trial court denied appellant's motion, citing *Maumee Equip. Inc. v. Smith,* 6th Dist. Lucas No. L-85-168, 1985 WL 8227 (Nov. 22, 1985). In *Maumee Equipment,* this court held that, "[a]s a general rule, the neglect of a party's attorney will be imputed to the party for purposes of Civ.R. 60(B)(1)." *Id.,* citing *Link v. Wabash R.R. Co.,* 370 U.S. 626. Further, this court recognized that "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Id.* at 2. However, "any 'mistake, inadvertence, surprise or excusable neglect,' as set forth in Civ.R. 60(B)(1), by counsel for a party does not entitle that party to relief from judgment under the rule." *Id.* Applying this authority to appellant's motion, the trial court found that any alleged lack

11.

of settlement authority granted to appellant's counsel did not constitute grounds for relief under Civ.R. 60(B)(1) and denied appellant's motion.

{¶ 22} Appellant does not challenge the trial court's decision as to the lack of grounds for relief under Civ.R. 60(B)(1). Instead, he argues for the first time here on appeal that the trial court should have considered whether he alleged sufficient grounds for relief from judgment under Civ.R. 60(B)(3) and (5). As to Civ.R. 60(B)(3), appellant argues that appellee's counsel committed fraud by submitting the consent judgment entry to the court despite allegedly being aware that appellant's counsel did not have settlement authority. As to Civ.R. 60(B)(5), appellant argues that his and appellee's counsel's submission of a consent judgment entry, when no agreement had been reached, constituted an "other reason justifying relief from the judgment." Appellant argues that the trial court abused its discretion by not considering these grounds as the basis for relief. We find that appellant improperly raises these issues for the first time on appeal.

{¶ 23} "Arguments raised for the first time on appeal are generally barred." *Lester v. Don's Automotive Group, LLC,* 181 N.E.3d 1129, 2021-Ohio-4397, ¶ 49 (6th Dist.). "Such arguments are barred by the doctrine of waiver for failure to raise these arguments before the trial court." *State v. Talley,* 6th Dist. Lucas Nos. L-22-1131, L-20-1132, 2021-Ohio-2558, ¶ 22. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." *Id.* Appellant's sole argument in his motion to vacate was that his counsel did not have authority to settle appellee's claims on his behalf. This, he argued, resulted in the trial court's lack of jurisdiction over appellee's

12.

motion for relief from judgment and, in turn, rendered the consent judgment entry resolving appellee's motion void as a matter of law. Appellant's motion does not allege any fraud committed by appellee's counsel in obtaining a modification of the divorce decree through the consent judgment entry that would support his claim for relief through Civ.R. 60(B)(3).

{¶ 24} Further, appellant's motion does not allege any operative facts beyond the lack of settlement authority as the basis for relief from judgment. As we previously noted, mistakes by counsel, or surprise resulting from those mistakes, are attributable to appellant and reviewed under Civ.R. 60(B)(1). *See Maumee Equipment* at 2. Despite this, appellant now argues that his counsel's lack of authorization to settle the dispute should be reviewed under Civ.R. 60(B)(5)'s catch-all provision. Appellant cannot use Civ.R. 60(B)(5)'s "catch-all provision" as a "substitute for one of the more specific provisions of Civ.R. 60(B)." *Henry County Bank,* 6th Dist. Lucas No. L-21-1192, 2022-Ohio-4192, at ¶ 12. Put simply, appellant is precluded from arguing that this court should consider whether the trial court abused its discretion in denying his motion under that subsection when the only grounds for relief alleged in his motion are governed by Civ.R. 60(B)(1).

{¶ 25} In sum, appellant's motion to vacate did not allege any fraudulent conduct by an adverse party, or any facts supporting application of the catch-all provision, as grounds for relief from judgment pursuant to Civ.R. 60(B)(3) and (5), respectively. The trial court could not have abused its discretion by failing to consider these unalleged

13.

arguments. Moreover, appellant is barred from raising these arguments for the first time on appeal. Finally, appellant does not challenge the trial court's proper denial of his motion to vacate under Civ.R. 60(B)(1). As a result, he has not shown that the trial court abused its discretion in denying his motion to vacate and his second assignment of error is found not well-taken.

### III.    Conclusion

{¶ 26} For the foregoing reasons, we find appellant's first and second assignments of error not well-taken. Therefore, we affirm the March 15, 2022 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division.

{¶ 27} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.           _____
                                                                 JUDGE

Gene A. Zmuda, J.          

                                                             _____
Myron C. Duhart, P.J.                                                      JUDGE
CONCUR.

                                                             _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.