[Cite as *State v. Sokevitz*, 2024-Ohio-4727.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| State of Ohio/City of Willard | Court of Appeals No.  H-23-032 |
| Appellee | Trial Court No.  TRC02302229A |
| v. | |
| Ronald W. Sokevitz | **DECISION AND JUDGMENT** |
| Appellant | Decided:  September 27, 2024 |

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Melissa A. Angst, Assistant Prosecuting Attorney, for appellee.

Sarah A. Nation, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** Appellant, Ronald W. Sokevitz, appeals the November 15, 2023 judgment of

the Norwalk Municipal Court convicting him of operating a vehicle under the influence

of alcohol.  In his sole assignment of error, appellant challenges the trial court's denial of

his untimely motion to suppress.  For the reasons that follow, we find appellant's

assignment of error not well-taken and affirm the judgment of the trial court.

## II. Facts and Procedural History

**{¶ 2}** On June 3, 2023, appellant was charged with operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(d), a misdemeanor. Appellant was arraigned on July 3, 2023, and he pleaded not guilty.

**{¶ 3}** On July 24, 2023, appellant's counsel filed a notice of appearance. That same day, appellant filed a request for discovery and waived his right to a speedy trial. On August 8, 2023, the trial court issued an order scheduling a jury trial for November 15, 2023.

**{¶ 4}** Appellant filed a motion to suppress with a memorandum in support on November 8, 2023. Neither document addressed the timeliness of appellant's motion to suppress, instead solely arguing that the breathalyzer test was improperly conducted and therefore the results were inadmissible. Appellant made no representations regarding his receipt of any videos from the state or the amount of time he had to review that footage and prepare his motion. Appellant likewise did not file any separate motions seeking the court's leave to file an untimely motion to suppress.

**{¶ 5}** The same day appellant's motion to suppress was filed, the trial court issued an order dismissing the motion as untimely under Crim.R. 12(D). The state did not file a response to the motion. Following the court's order denying his motion, appellant filed nothing further regarding his motion to suppress.

2.

**{¶ 6}** On November 9, 2023, the jury trial scheduled for November 15, 2023 was converted into a change-of-plea hearing. At the November 15th plea hearing, appellant changed his plea to no contest, and the trial court convicted appellant of the charge.

### III. Assignment of Error

**{¶ 7}** On appeal, appellant asserts the following assignment of error:

> The trial court abused its discretion by denying Ronald Sokevitz's untimely motion to suppress, even though the motion was filed seven days prior to trial and Sokevitz waived his right to a speedy trial.

### IV. Law and Analysis

**{¶ 8}** Crim.R. 12(C)(3) provides that a motion to suppress must be filed before trial. *State v. Pope*, 2023-Ohio-865, ¶ 17 (6th Dist.). Under Crim.R. 12(D), the motion must be filed within the earlier of two dates: (1) 35 days after arraignment; or (2) seven days before trial. *Id.* If a party files a motion to suppress outside the time period specified in Crim.R. 12(D), the issue presented in the motion is waived unless a court grants relief "for good cause shown." Crim.R. 12(H). Crim.R. 12(D) provides that a court "in the interest of justice may extend the time for making pretrial motions." "The decision to grant or deny leave of court to file an untimely motion to suppress evidence pursuant to Crim.R. 12(D) and (H), is a matter committed to the sound discretion of a trial court and is subject to review on appeal on an abuse of discretion standard." *Pope* at ¶ 18, quoting *State v. Davis*, 2010-Ohio-4383, ¶ 41 (6th Dist.).

**{¶ 9}** Here, appellant was arraigned on July 3, 2023. Therefore, unless he demonstrated "good cause" to extend the time pursuant to Crim. 12(H) and 12(D), his

3.

motion to suppress was due 35 days after July 3, 2023. Appellant's motion to suppress was filed on November 8, 2023, well after its due date, so unless appellant established "good cause" to file his motion outside the time period, his motion was untimely.

{¶ 10} In support of his assignment of error, appellant asserts that because he did not receive videos from the state until less than a month before trial, he had insufficient time "to review the videos, conduct research, and prepare the motion to suppress." Notably, appellant makes this argument for the first time on appeal. Indeed, appellant failed to seek leave from the court to file his motion outside the time period, nor did appellant assert any argument before the trial court regarding the timeliness of his motion. In furtherance of his argument on appeal, he provides dates on which he communicated with the state regarding his discovery requests and the date on which received the videos via regular mail, none of which are part of the trial court's record.

{¶ 11} Our review is limited to the trial court's record, and "we cannot consider facts that were not presented to the trial court." *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 10 (6th Dist.). Moreover, "[a]rguments raised for the first time on appeal are generally barred." *Lester v. Don's Automotive Group, LLC*, 2021-Ohio-4397, ¶ 49 (6th Dist.). Indeed, arguments not presented at the trial court are waived on appeal. *LaCourse v. LaCourse*, 2023-Ohio-972, ¶ 23 (6th Dist.).

{¶ 12} Although on appeal appellant has attempted to establish good cause for filing his motion outside the time period in Crim.R. 12(D), he failed to assert that argument—or any other regarding the timeliness of his motion—before the trial court.

4.

Accordingly, appellant failed to file a timely motion and the trial court did not abuse its discretion in denying his motion pursuant to Crim.R. 12(H).

{¶ 13} Accordingly, appellant's assignment of error is found not well-taken.

## V. Conclusion

{¶ 14} Appellant's assignment of error is overruled. We affirm the November 15, 2023 judgment of the Norwalk Municipal Court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.